**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| Christopher & Deborah Piazza | ) | Bankruptcy No. 12 B 38006 |
| | ) | |
| _____ | ) | Judge Bruce W. Black (Joliet) |
| | ) | |
| Bank of America, N.A. | ) | Chapter 7 |
| Plaintiff | ) | |
| v. | ) | Adv. No. 13 A 00695 |
| | ) | |
| Christopher Piazza and Deborah Piazza, | ) | |
| Defendants | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

NOW COME the Defendants, Christopher Piazza and Deborah Piazza, by and through their attorneys, David P. Lloyd, Ltd., and, in response to Plaintiff's Motion for Summary Judgment, state as follows:

This portion of Defendants' response constitutes its memorandum of law in opposition to Plaintiff's motion. Defendants separately file their response to Plaintiff's Proposed Statement of Undisputed Facts and exhibits.

Plaintiff has alleged two grounds under which the Defendants may be denied a discharge. First, Plaintiff alleges that Deborah Piazza knowingly and fraudulently made a false oath in connection with the Chapter 11 case of Piazza Masonry, Inc., as provided in Section 727(a)(4) and Section 727(a)(7). It should be noted that this claim is not against Christopher Piazza, as only Deborah Piazza signed the declarations under oath in the Piazza Masonry case.

Second, Plaintiff alleges that Christopher Piazza destroyed recorded information, including books, documents, records, and papers, of Piazza Masonry, without justification, by burning those

records. Again, it should be noted that this claim is not against Deborah Piazza, as only Christopher

Piazza burned the records. Plaintiff's motion seeks summary judgment on both claims.

> The primary purpose for granting a summary judgment motion is to avoid unnecessary trials when there is no genuine issue of material fact in dispute. *Trautvetter v. Quick,* 916 F.2d 1140, 1147 (7th Cir.1990); *Farries v. Stanadyne/Chicago Div.,* 832 F.2d 374, 378 (7th Cir.1987) (quoting *Wainwright Bank & Trust Co. v. Railroadmen's Federal Sav. & Loan Ass'n of Indianapolis,* 806 F.2d 146, 149 (7th Cir.1986)). Where the material facts are not in dispute, the sole issue is whether the moving party is entitled to a judgment as a matter of law. *ANR Advance Transp. Co. v. International Bhd. of Teamsters, Local 710,* 153 F.3d 774, 777 (7th Cir.1998).

In re Rosenzweig, 97 B 38192, 1999 WL 569446 (Bankr. N.D. Ill. July 12, 1999)

> The burden is on the moving party to show that no genuine issue of material fact is in dispute. *Anderson,* 477 U.S. at 248; *Matsushita,* 475 U.S. at 585–86; *Celotex,* 477 U.S. at 322.
> All reasonable inferences drawn from the underlying facts must be viewed in a light most favorable to the party opposing the motion. *Parkins v. Civil Constructors of Ill., Inc.,* 163 F.3d 1027, 1032 (7th Cir.1998).

In re Rosenzweig, 97 B 38192, 1999 WL 569446 (Bankr. N.D. Ill. July 12, 1999)

> In our recent decision in First National Bank Co. v. Insurance Company of North America, 606 F.2d 760 (7th Cir. 1979), we approved a district court's granting of partial summary judgment resolving issues of fraud. We noted that although a district court is not to try issues of fact in a summary judgment proceeding, it has the power to penetrate the pleadings and look at any evidentiary source to determine whether summary adjudication is appropriate. Id. at 767. A genuine issue of fact is raised where the facts alleged would constitute a legal defense if proven. Id. at 766. Once a showing has been made by the movant, the burden rests upon the opposing party to show that "he has a ground of defense fairly arguable, and of a substantial character." Id. at 767.

Fed. Deposit Ins. Corp. v. Lauterbach, 626 F.2d 1327, 1335 (7th Cir. 1980)

> Intent to defraud involves a material representation that you know to be false, or, what amounts to the same thing, an omission that you know will create an erroneous impression. E.g., *Athey Products Corp. v. Harris Bank Roselle,* 89 F.3d 430, 434 (7th Cir.1996); *Marcus v. AT & T Corp.,* 138 F.3d 46, 63 (2d Cir.1998); *Restatement (Second) of Torts* § 526 (1965)…A denial of knowledge may be so utterly implausible in light of conceded or irrefutable evidence that no rational person could believe it; and if so, there is no occasion to submit the issue of knowledge to determination at a trial. *Seshadri v. Kasraian,* 130 F.3d 798, 801–02 (7th Cir.1997), and cases cited there; *United States v. Premises Known as 717 S.*

*Woodward St.*, 2 F.3d 529, 533–34 (3d Cir.1993); *United States v. One Parcel of Property Located at 15 Black Ledge Drive,* 897 F.2d 97, 102 (2d Cir.1990).

<u>In re Chavin</u>, 150 F.3d 726, 728, Bankr. L. Rep. P 77736, 1998 WL 407167 (7th Cir. 1998)

Defendants agree that the Piazza Masonry, Inc., Chapter 11 was filed within one year prior to the filing of the present case; that Deborah Piazza signed two declarations under oath regarding schedules and statement of financial affairs in the Piazza Masonry case; and that the schedules and statement of financial affairs were inaccurate, and, therefore, the declarations were false. Defendants deny that Deborah Piazza knowingly and fraudulently made the false oaths.

Ordinarily the issue of fraudulent intent is an intensely factual one, and is not typically ripe for summary judgment. In some cases, courts have found sufficient intent without the necessity of trial; for example, "where a debtor is an experienced businessman, he may not be able to avoid responsibility for fraudulent omissions on the basis of counsel's errors." <u>In re Ardisson</u>, 272 B.R. 346, 359, 2001 WL 1715758 (Bankr. N.D. Ill. 2001). Additionally, when the number of errors and omissions is very large, courts have found a "reckless disregard for the truth" evident from the exhibits and tantamount to fraudulent intent.

It is true that the Schedule B filed with Deborah Piazza's declaration listed "none" for all assets other than vehicles (in which were also included machinery and equipment such as forklifts). Plaintiff may argue that the number of omissions—bank accounts, accounts receivable, office equipment, other machinery and equipment—could constitute a reckless disregard for the truth. However, the number of omissions or false statements does not necessarily evidence a reckless disregard for the truth:

> As the bankruptcy court stated, "a showing of reckless disregard for the truth is sufficient to prove fraudulent intent." *Stamat,* 635 F.3d at 982. But while "the cumulative number of false statements may, when taken together, evidence a reckless disregard for the truth sufficient to support a finding of fraudulent intent," *In re Duncan,* 562 F.3d at 695, the Trustee points to no authority stating that a large number of omissions and false statements *must* amount to a reckless

disregard for the truth. The Seventh Circuit in *Stamat* analyzed the difference between making omissions and errors negligently and making them with a reckless disregard for the truth. *Stamat,* 635 F.3d at 982.

Manning v. Watkins, 212-CV-489-TLS, 2013 WL 3989412 (N.D. Ind. July 31, 2013)

Defendants have established the following reasons for the filing of the declarations, schedules, and statement of financial affairs containing omissions: The corporate debtor's attorney had already obtained one extension for filing schedules and explained that the documents had to be filed immediately to avoid dismissal; there had not been enough time to develop a completely accurate set of schedules; and, at any rate, the schedules and statement of financial affairs could be amended when the complete information was available. Further, Defendants had provided sufficient information to the corporate attorney that the attorney filed a motion for use of cash collateral that included a budget and a full list of accounts receivable; and this motion was filed on May 17, 2012, more than a week before the schedules and declarations were filed. In addition, Defendants were communicating, through a family member, with the corporate attorney regarding bank accounts at the beginning of the case (April 24, 2012), and disclosed all the corporate accounts to him. Finally, as stated in Plaintiff's statement of facts, both Defendants testified in later proceedings as to the assets of the company and payment of compensation to the Defendants and other employees.

Amendments to schedules do not correct the falsity of prior documents, but they can be relevant to the question of intent. Other voluntary disclosure, such as that contained in the cash collateral motion, also bears on the question of intent. "Because a debtor attests under oath to the accuracy of the schedules he signs, an error or omission can be a basis for denying discharge under § 727(a)(4)(A). However, the fact that schedules are amended is relevant to the question of intent to defraud. Although voluntary disclosure through testimony or an amendment to the

schedules cannot expunge the falsity of an oath, it may be evidence of innocent intent." In re
Ardisson, 272 B.R. 346, 359, 2001 WL 1715758 (Bankr. N.D. Ill. 2001) (*citations omitted*).

Courts have found fraudulent intent without trial only in extraordinary cases. "…the
Seventh Circuit has cautioned in another decision under Code § 727(a) that except in extreme
cases, credibility questions relating to intent to defraud are to be left to the trier of fact to resolve
on the basis of oral testimony. For the case to be classified as extreme, the testimony sought to be
withheld from the trier of fact must be not just implausible, but utterly implausible in light of all
relevant circumstances. In re Ardisson, 272 B.R. at 359 (*citing* In re Chavin, 150 F.3d 726, 728).

This is not one of those extreme cases. Defendants have put forth an explanation that is
not "utterly implausible"; Deborah Piazza was under a tight deadline imposed by her attorney;
her corporate attorney instructed her to file the false schedules immediately, on the assurance
that they could be amended later; she gave her attorney information about the company's bank
accounts and other assets; her attorney filed court documents reflecting assets that were not listed
on the schedules; and both Defendants freely disclosed those corporate assets and transactions in
other proceedings. There is serious doubt as to any fraudulent intent by Deborah Piazza, and the
motion for summary judgment should be denied.

Similarly, there is a material question of fact as to whether Christopher Piazza's
destruction of the paper copies of records was justified under all the circumstances of the case, as
that term is used in Section 727(a)(3). First, there is a fine legal point to address. The records that
were burned were not personal financial records of the Debtors in this case, but records of Piazza
Masonry, Inc. Section 727(a)(7) provides for denial of a discharge if a debtor has destroyed
records "in connection with another case, under this title or under the Bankruptcy Act,
concerning an insider." The destruction of the records occurred after the appointment of the

5

receiver, which was on October 18, 2012. The Piazza Masonry case was dismissed on June 28, 2012. Christopher Piazza's burning of the records took place nearly four months <u>after</u> the dismissal of the Piazza Masonry case, and therefore was not "in connection with" that case. Destruction of records, concealment of assets, or transfer of property of a non-debtor corporate entity, even an insider, is not grounds for denial of discharge unless that action took place "in connection with" a bankruptcy case concerning that insider.

There is no evidence that Piazza Masonry concealed, destroyed, or failed to turn over any assets or financial information in its Chapter 11 case. Nor is there any evidence that any of the records burnt by Christopher Piazza were personal financial records of either Debtor in this case. On that basis alone, the motion for summary judgment should be denied, and, in fact, Plaintiff's claim should be dismissed.

Addressing the factual issues about the documents, it had been a longstanding practice of Piazza Masonry to destroy old records by burning; Mr. Piazza was concerned that the company's employees' confidential and personal information, including Social Security numbers, payroll and employment information, and medical records could fall into the wrong hands; and the entirety of the corporate records from which the Debtors' financial condition or business transactions might be ascertained were on a computer server that was placed in the hands of Bank of America's own receiver. That receiver was Alex D. Moglia, who is known to this Court from his service as a panel trustee in this District. Mr. Piazza was surely justified in trusting that Receiver Moglia would take good care of the business records. There is at least a material issue of fact regarding the destruction of the records, and the motion for summary judgment should be denied.

The Defendants are not sophisticated business or financial professionals; they ran a masonry company. They were advised by counsel in their Chapter 11 case, and Mrs. Piazza took his advice regarding the filing of documents. Mr. Piazza may have been rash or stubborn, as well as environmentally unwise, in burning boxes of paper documents, but his act was justified by the knowledge that the company's financial records were available, electronically, to the company's largest creditor and under the safekeeping of a court-appointed receiver. The Defendants' explanations for their actions are "fairly arguable, and of a substantial character." They are not "utterly implausible." The Court should retain to itself the opportunity to listen to the testimony of the witnesses and judge the demeanor of the Defendants in order to determine their intent. The motion for summary judgment should be denied.

Respectfully submitted,
Christopher & Deborah Piazza

By:_____/s/ David P. Lloyd_____
           Their attorney

David P. Lloyd
David P. Lloyd, Ltd.
615B S. LaGrange Rd.
LaGrange IL  60525
708-937-1264
Fax: 708-937-1265